IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-CR-245-2 |
| | ) | |
| CORY LEE JACOBS | ) | |

**MEMORANDUM ORDER**

Before the court is pro se Defendant Cory Lee Jacobs's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 121.) The Government has responded in opposition. (Doc. 129.) For the reasons set forth below, the motion for compassionate release will be denied.

**I. BACKGROUND**

On December 4, 2018, Jacobs pleaded guilty to bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. (Doc. 56.) He was sentenced to 72 months of imprisonment. (Doc. 77.) Jacobs is currently overseen by Residential Reentry Management Raleigh. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. His expected release date is June 24, 2024. Id. He is 35 years old. Id.

In his motion, filed December 5, 2022, and ordered out of § 2255 screening on October 10, 2023, Jacobs claims he has "breathing issues" and that his dependents face risk from COVID-19. (Doc. 121 at 1-4.) The Government responds that Jacobs has not satisfied the exhaustion requirement, and even if he had, his

circumstances are not extraordinary and compelling. (Doc. 129 at 1-2.)

**II. ANALYSIS**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id.

2

The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[1] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As recently amended, United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

3

list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596

4

F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government argues first that Jacobs has not satisfied the exhaustion requirement. (Doc. 129 at 4.) It represents that it contacted the facility at which Jacobs was housed and was informed neither Jacobs nor anyone on his behalf submitted a request for compassionate release. (Id. at 2.) Jacobs has not provided any evidence to the contrary. Therefore, his motion is denied on that

5

basis alone. United States v. Muhammad, 16 F.4th 126, 129-31 (4th Cir. 2021) (discussing exhaustion requirement as a "threshold requirement").

Even if Jacobs had satisfied the exhaustion requirement, he has not established extraordinary and compelling reasons for compassionate release. He contends he has "breathing issues," but does not specify what his medical condition is. (Doc. 121 at 2.) His medical records show a number of conditions and health events for which he has received care, but these do not rise to the level justifying compassionate release. (Doc. 130 (documenting antisocial personality disorder, depression, a hunger strike (which included refusing medications), an "inmate on inmate altercation," and left foot pain); U.S.S.G. § 1B1.13(b) (setting standard for medical circumstances). His breathing was described as normal several times in his medical records. (Id. at 1, 17, 25.) Moreover, he has not shown that he is at an increased risk of contracting serious COVID-19-related disease. See United States v. Garcia, No. 5:03-CR-20, 2023 WL 6883187, at *4 (W.D.N.C. Oct. 18, 2023) (denying relief where generalized hardship would otherwise "become the 'exception that swallows the general rule of finality'" (quoting United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021))).

Jacobs also argues that his dependents are at a high risk of COVID-19. (Doc. 121 at 2.) He claims he is the "primary caretaker"

6

but concedes that his dependents have a caretaker. (Doc. 121 at 2.) While the desire to care for dependents is admirable, family circumstances require the "death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3). Jacobs has not made such a showing.[2] (See also Doc. 73 at 15 (Jacobs stating in pre-sentence interview that he has one child, that he was not aware of her whereabouts, and that he has had no contact with her since her birth).)

Even if extraordinary and compelling reasons existed, early release would not be warranted in light of the section 3553(a) factors. Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider —

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
- (2) the need for the sentence imposed –
    - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    - (B) to afford adequate deterrence to criminal conduct;

---

[2] Moreover, Jacobs is about two months away from his good conduct time release date and is already in a residential reentry program.

7

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;

(5) any pertinent policy statement . . . by the Sentencing Commission . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Jacobs's offense of conviction was bank robbery. He entered a Wells Fargo in High Point, North Carolina, jumped over the counter, and demanded the teller give him money. (Doc. 73.) He ran out with over $10,000. (Id.) While incarcerated, Jacobs has accumulated a poor disciplinary record that includes multiple altercations with inmates, masturbating in front of female staff, refusing orders and work assignments, and engaging in a hunger strike. (Doc. 129-2.) Jacobs's sentence appears close to completion in any event, and a reduction at this point would fail to adequately reflect the seriousness of the offense of conviction,

8

his criminal history, and the need for deterrence and to promote respect for the law.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Jacobs's motion for compassionate release (Doc. 121) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

April 11, 2024